# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **ROBERT KAIN**, on behalf of himself and all others similarly situated, ) ) ) | CASE NO. _____ |
| Plaintiff, ) ) | **COLLECTIVE ACTION COMPLAINT** |
| v. ) ) | **JURY DEMAND ENDORSED HEREON** |
| **ENV SERVICES INC.**, ) ) | |
| Defendant. ) | |

Plaintiff Robert Kain files this Complaint against Defendant ENV Services, Inc. seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. (FLSA); Ohio Revised Code (O.R.C.) and O.R.C. §2307.60. The following allegations are based on personal knowledge of Plaintiff's own conduct, and upon information and belief as to the conduct and acts of others:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violate the FLSA and Ohio law.

2. Plaintiff brings this case "collective action" on behalf of himself and other "similarly situated" persons who may join this case pursuant to 29 U.S.C. §216(b).

3. Plaintiff brings Count Two pursuant to O.R.C. §2307.60, on behalf of himself and FLSA plaintiffs who join and worked in Ohio within the two years preceding the filing of this Action.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this forum pursuant to 28 U.S.C. § 1391.

6. The Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

7. During relevant times, Plaintiff has been an adult individual residing in this District and Division.

8. At all relevant times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

9. Defendant is a for-profit Pennsylvania corporation that is registered to conduct business in Ohio.

10. At all relevant times, Defendant conducted business in and around Ohio, including Hamilton County.

11. Defendant can be served through its statutory agent: James L Hamill, at 150 East Mound Street, Suite 209, Columbus, OH 43215 (Franklin County).

12. At all relevant times, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

13. At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

14. At all relevant times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

15. Plaintiff's written Consent to Join form is attached as **Exhibit A**.

**FACTUAL ALLEGATIONS**

16. Defendant tests, certifies, and maintains controlled-environment equipment designed to control contamination across a wide range of industries.[1]

17. Plaintiff was employed by Defendant from approximately August to November 2020 as a Field Service Technician.

18. Defendant employed other similarly situated individuals as Field Service Technicians.

19. Plaintiff and those similarly situated were not exempt from the overtime requirements of the FLSA and Ohio law.

20. The primary duties of Plaintiff and others similarly situated consisted of non-exempt manual work in the field, including the "lifting of various test equipment with weight up to 50lbs, extended periods of working overhead on a ladder, stooping, bending and driving sometimes extensively to customers locations," and having the "lifting ability of at least 75lbs and up to 50lbs overhead."[2]

21. Only a high school education is required for the position of Field Service Technician.[3]

22. Though their duties primarily consisted of non-exempt, manual work in the field, Defendant classified Plaintiff and others similarly situated as "non-exempt" and did not pay them for hours worked in excess of 40 at a rate of at least one and one-half times their regular rates.

23. Plaintiff and other similarly situated employees regularly worked over 40 hours in a workweek.

---

[1] https://www.envservices.com/ (last viewed 12/7/20).
[2] *See* https://www.paycomonline.net/v4/ats/web.php/jobs/ViewJobDetails?job=55586&clientkey=1640B62E526E58D237025BCB1E427AF7 and
https://www.paycomonline.net/v4/ats/web.php/jobs/ViewJobDetails?job=55389&clientkey=1640B62E526E58D237025BCB1E427AF7 (last viewed 12/7/20).
[3] *Id*.

24. Defendant did not pay Plaintiff and other similarly situated employees overtime compensation in violation of the FLSA.

25. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA by misclassifying Plaintiff and those similarly situated as exempt and not paying them for hours worked in excess of 40 in a workweek at one and one-half times their regular rates.

26. Upon information and belief, Defendant failed to make, keep, and preserve records of all time worked by Plaintiff and other similarly situated employees. To the extent records of hours worked are not kept, Plaintiff and those similarly situated are entitled to a reasonable estimate.

## COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff brings this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly situated persons who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

28. The collective which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> **All former and current Field Service Technicians employed by Defendant within 3 years preceding the date of filing of this Complaint through the final disposition of this matter**.

29. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

30. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

**COUNT ONE**
**(FLSA Overtime Violations)**

31. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

32. Defendant's practice and policy of misclassifying Field Service Technicians and not paying Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over 40 each workweek violated the FLSA.

33. Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 516.2(a)(7).

34. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

35. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been harmed in that they have not received wages due to them pursuant to the FLSA, and because such wages remain unpaid, damages continue.

## COUNT TWO
### (Damages Pursuant to O.R.C. § 2307.60)

36. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

37. As a result of Defendant's practices and policies, Plaintiff and those similarly situated have been harmed in that they have not received wages due to them pursuant to the FLSA.

38. The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

39. By its acts and omissions described herein, Defendant has willfully violated the FLSA, and Plaintiff and those similarly situated have been injured as a result.

40. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

41. As a result of Defendant's willful violations of the FLSA, Plaintiff and Opt-in Plaintiffs who join and work in Ohio are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, and all similarly situated persons, collectively pray that this Honorable Court:

A. Conditionally certify this case as a "collective action" pursuant to 29 U.S.C. §216(b), and direct that Court-approved notice be issued to similarly situated individuals informing them of this action and enabling them to opt-in;

B. Enter judgment against Defendant and in favor of Plaintiff and the opt-ins who join this case pursuant to 29 U.S.C. § 216(b);

C. Award Plaintiff, and the collective he represents, actual damages for unpaid wages, and liquidated, exemplary, and punitive damages as provided under the FLSA and Ohio law;

D. Award Plaintiff, and the collective he represents, pre-judgment and/or post-judgment interest at the statutory rate;

E. Award Plaintiff, and the collective he represents, attorneys' fees, costs, and disbursements; and

F. Award Plaintiff, and the collective he represents, further and additional relief as this Court deems just and proper.

        Respectfully submitted,

        **NILGES DRAHER LLC**

        */s/ Robi J. Baishnab*
        Robi J. Baishnab (0086195)
        34 N. High St., Ste. 502
        Columbus, OH 43215
        Telephone:   (614) 824-5770
        Facsimile:   (330) 754-1430
        Email: rbaishnab@ohlaborlaw.com

        Hans A. Nilges (0076017)
        Shannon M. Draher (0074304)
        7266 Portage Street, N.W., Suite D
        Massillon, OH 44646
        Telephone:   (330) 470-4428
        Facsimile:   (330) 754-1430
        Email: hans@ohlaborlaw.com
               sdraher@ohlaborlaw.com

        *Counsel for Plaintiff*

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

        */s/ Robi J. Baishnab*
        *Counsel for Plaintiff*