# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| ROBERT KAIN and JEFFREY SALMON, on behalf of themselves and all others similarly situated, | Case No. 1:20-cv-988 |
| | Judge Timothy S. Black |
| Plaintiffs, | |
| v. | |
| ENV SERVICES INC., | |
| Defendant. | |

## ORDER GRANTING JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. 34)

Representative Plaintiffs Robert Kain and Jeffrey Salmon ("Representative Plaintiffs"), on behalf of themselves and of the Opt-in Plaintiffs, and Defendant ENV Services, Inc. ("Defendant") (collectively, the "Parties") have filed a joint motion (Doc. 34) asking that the Court to approve settlement of claims brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and New York and New Jersey state law, to approve the requested Service Payments (as defined and outlined in the Collective Action Settlement Agreement and Release (the "Settlement Agreement")).  A copy of the Settlement Agreement was attached to the Joint Motion.  (Doc 34-1).  Having reviewed the Settlement Agreement, the Parties' Joint Motion, the Declaration of Robi J. Baishnab appended thereto, and the pleadings and papers on file in this case (the "Action"), and for good cause established therein, the Court hereby approves settlement as provided in the Settlement Agreement as follows:

1. Unless otherwise defined, all terms used in this Order have the same meaning as defined in the Settlement Agreement.

2. On December 8, 2020, Representative Plaintiff Kain filed a wage and hour collective action complaint against Defendant. Representative Plaintiff Kain brought the Action under the FLSA and O.R.C. § 2307.60. (Doc. 1).

3. Defendant filed its Answer on January 4, 2021, in which it denied all claims asserted in the Action. (Doc. 5).

4. Representative Plaintiff Kain filed an Amended Complaint on January 25, 2021, adding (1) Jeffrey Salmon as a Representative Plaintiff and adding Rule 23 New York and New Jersey class action overtime claims pursuant to the New York Minimum Wage Act, Labor Law §650 et seq., the New York Wage Payment Act, Labor Law § 190 et seq., and the supporting Department of Labor Regulations, 12 N.Y.C.R.R. Part 142, as well as New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq. (Doc. 9).

5. Defendant filed its Answer to the Amended Complaint on February 15, 2021, in which it continued to deny all claims asserted in the Action. (Doc. 11).

6. On April 14, 2021, the Parties' stipulation to conditionally certify the following FLSA collective class was approved (Doc. 13):

> All former and current Field Service Technicians, On-site Calibration Technicians, Field Calibration Technicians, and those with similar duties but different titles (collectively "Field Technicians"), employed by Defendant from December 8, 2017, through the final disposition of this matter. Persons fitting this definition will be referred to herein as "Collective Class Members."

7. On November 8, 2021, the Parties mediated before third-party neutral John S.

Marshall. (Doc. 30). Subsequent to Mediation, the Parties reached an agreement and filed their Joint Notice of Settlement on January 12, 2022. (Doc. 31).

8. At the time of settlement, thirty (30) Opt-In Plaintiffs, as well as Representative Plaintiffs, had submitted a Consent to Join form, which were filed with the Court. (Docs. 8, 14-20, 24-29).

9. Before the Court now is the Parties' Joint Motion for Approval of FLSA Collective Action Settlement. (Doc. 34).

10. Settlement of FLSA claims is subject to approval by the Court. *Gentrup v. Renovo Servs., LLC*, No. 1:07CV430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). "If a settlement in an employee FLSA suit reflects a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, the court may approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* (cleaned up).

11. The Settlement Agreement provides for collective-wide settlement, notice, and payments to Plaintiffs as provided in the Agreement. (Doc. 34).

12. Based on the pleadings, the Court finds that the settlement reflects a reasonable compromise over issues actually in dispute.

13. The Settlement Agreement was achieved after arm's-length and good faith negotiations between the Parties and their counsel, who have extensive experience litigating FLSA and various state wage and hour claims. Settlement was facilitated by a third-party neutral. There is no indicia of fraud or collusion. *See UAW v. GMC*, 497 F.3d 615, 631

(6th Cir. 2007) (listing factors to consider when considering whether FLSA settlement is fair and reasonable).

14. The Court approves as fair, reasonable, and adequate settlement of the claims made pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), and settlement of claims brought under New Jersey and New York law as outlined in the Settlement Agreement.

15. The Court approves the content, form, and distribution of the Notice of Settlement as outlined in the Settlement Agreement.

16. The Court approves the $1,500 Service Payments to the two Representative Plaintiffs in recognition of their services in this Action and as provided in the Settlement Agreement. *Bailey v. Paradies Shops, LLC.*, No. 2:20-CV-2610, 2021 WL 3662466, at *6 (S.D. Ohio Aug. 18, 2021) (collecting cases approving service awards).

17. The Court approves the payment of Plaintiffs' Counsel's attorneys' fees and expenses as provided in the Settlement Agreement. Plaintiffs' Counsel has significant experience litigating wage and hour cases, and fees of one-third of common fund are typical for FLSA collective and class actions. The fee is reasonable. *E.g.*, *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-CV-516, 2019 WL 6310376, at *5 (S.D. Ohio Nov. 25, 2019) (approving one-third fee award as "a normal fee in a wage and hour case").

18. The Court further approves reasonable increases above the current estimated costs to account for unforeseen costs incurred in effectuating notice and settlement.

19. The Court orders that Settlement be effectuated in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

20. For the foregoing reasons:

   a. The joint motion to approve settlement and dismiss the case with prejudice (Doc. 34) is **GRANTED**;[1]

   b. The Court **DISMISSES WITH PREJUDICE**, the claims in the Action and as provided in the Settlement Agreement;

   c. The Court expressly and explicitly retains jurisdiction to enforce the settlement agreement of the parties; and

   d. The Clerk shall enter judgment accordingly and close the case.

**IT IS SO ORDERED.**

Date: 8/31/2022

*s/Timothy S. Black*
Timothy S. Black
United States District Judge

---

[1] The non-searchable version of the motion, filed at Doc. 32, shall be terminated as MOOT.